# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

HUMBERTO MUNOZ,

                Plaintiff,

vs.

TD BANK USA, N.A., THE BANK OF MISSOURI, SYNCHRONY BANK, and CENLAR FSB,

                Defendants.

Civil Action No.:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

DEMAND FOR JURY TRIAL

      Plaintiff Humberto Munoz ("Plaintiff") brings this action against defendant TD Bank USA, N.A. ("TD Bank"), The Bank of Missouri ("Bank of Missouri"), Synchrony Bank ("Synchrony Bank) and Cenlar FSB ("Cenlar") (collectively, "Defendants"), and alleges, based on Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

      1.     This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## PARTIES

      2.     Plaintiff resides in Lee County, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

      3.     Defendant TD Bank is a foreign corporation that regularly conducts business in this District. TD Bank qualifies as a "furnisher" of credit information under the FCRA." TD Bank maintains a principal place of business at 1701 Marlton Pike E, Cherry Hill, NJ 08034.

      4.     Defendant Bank of Missouri is a financial institution that regularly conducts business in this district. Bank of Missouri is headquartered at 916 North Kings Highway,

Perrysville, Missouri 63775. Bank of Missouri qualifies as a "furnisher" of credit information under the FCRA.

5. Defendant Synchrony is a foreign entity that regularly conducts business in this District. Synchrony qualifies as a "furnisher" of credit information under the FCRA.

6. Defendant Cenlar is a federally chartered savings bank and mortgage servicer headquartered at 7 Graphics Drive, Ewing, New Jersey 08628. Cenlar qualifies as a "furnisher of credit information under the FCRA.

## JURISDICTION AND VENUE

7. The claims asserted in this complaint arise under §§1681e and 1681i of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

8. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

9. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681a.

10. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain

compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

11. Credit reporting agencies are required to promptly forward any dispute to the furnisher of the credit information referenced in the dispute. When the furnisher receipt notice of a dispute from the credit reporting agency, the furnisher must immediately conduct an investigation, mark the account as disputed, and correct or update the reporting, if necessary.

12. Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Defendants Willfully Violated the FCRA By Furnishing Inaccurate Credit Information And Failing to Correct The Reporting in Response to Plaintiff's Dispute**

**TD Bank, Bank of Missouri, and Synchrony**

13. Defendants TD Bank, Bank of Missouri, and Synchrony have been furnishing inaccurate account balance information about Plaintiff that was published in credit reports issued by non-party Trans Union, LLC ("TransUnion"). This reporting was materially misleading and adversely affected Plaintiff's credit score.

14. On February 25, 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through TransUnion's FCRA compliance division. TransUnion duly notified Defendants about Plaintiff's dispute, as required by federal statute.

15. The receipt of Plaintiff's dispute letter triggered Defendants' obligations to conduct an investigation, mark the account as disputed, and correct or update the reporting if necessary.

16. In derogation of their statutory obligations, Defendants failed to correct the reporting and failed to mark the accounts as disputed.

17. Plaintiff was later denied an extension of credit based on the erroneous reporting.

18. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages.

**CENLAR**

19. Defendant Cenlar furnished inaccurate credit information about Plaintiff that was published on TransUnion credit reports. Specifically, although that account was closed with a $0 balance, Cenlar reported that the current "Pay Status" for the account was "30-59 Days Late." This reporting was materially misleading and adversely affected Plaintiff's credit score because it conveyed that Plaintiff was currently delinquent on a current payment obligation, when that was not the case.

20. On February 25, 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through TransUnion's FCRA compliance division. TransUnion duly notified Defendant Cenlar of Plaintiff's dispute, as required by federal statute.

21. The receipt of Plaintiff's dispute letter triggered Cenlar's obligation to conduct an investigation, mark the accounts as disputed, and correct or update the reporting if necessary.

22. In derogation of its statutory obligations, Cenlar failed to conduct an investigation, failed to mark Plaintiff's account as disputed, and failed to remove the misleading "Pay Status."

23. Plaintiff was later denied an extension of credit based on the erroneous reporting.

24. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages.

## COUNT I

**Against All Defendants for Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

25. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

26. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation, mark the account as disputed, and correct the misleading information as necessary. *See* 15 U.S.C. § 1681s-2(b).

27. Defendants failed to conduct timely and reasonable investigations into the veracity of their reporting after receiving notice of Plaintiff's disputes from TransUnion.

28. Moreover, instead of removing the inaccurate reporting, Defendants summarily verified that the information being reported was accurate.

29. Defendants also failed to mark Plaintiff's accounts as disputed.

30. Plaintiff was later denied an extension of credit based on the erroneous reporting.

31. This misconduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result of their misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

32. Accordingly, Plaintiff is entitled to statutory, actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment:

1. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

2. awarding attorney's fees and costs, and other relief; and

3. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 10, 2020                COHEN & MIZRAHI LLP
                                    YOSEF STEINMETZ
                                    Florida Bar No. 119968


                                    */s/ Yosef Steinmetz*
                                    YOSEF STEINMETZ

5

                                             300 Cadman Plaza West, 12th Floor
                                             Brooklyn, NY  11201
                                             Telephone:  929/575-4175
                                             929/575-4195 (fax)
                                             yosef@cml.legal

                                             *Attorneys for Plaintiff*